Joseph F. Hawkins, J.
The petitioner, a registered nurse for some 24 years, has been charged by the State Department of Education with having violated two provisions of the Education Law, to wit, subdivisions (9) and (2) of section 6509, captioned “Unprofessional Conduct.”
The charges arise out of an alleged assault by the petitioner upon one of the patients in a hospital facility in which she was then employed. The petitioner avers that the patient’s hospital record would show a pattern of aggressive conduct; consequently, such medical history would be of consummate importance in her defense.
The Attorney-iG-eneral cites section 15.13 of the Mental Hygiene Law, which is entitled ‘ ‘ Clinical records; confidentiality ” in opposition to the petitioner’s application. It is further urged, in opposition, that only the patient can waive the defense. It appears, however, that there are questions concerning the patient’s mental competency. Under such circumstances, if the patient had waived, the validity of such waiver would be highly questionable.
We are here concerned with the right of a registered nurse to continue practicing her profession. Involved are not only her license, but her reputation and her right to earn her livelihood. Furthermore, if the alleged assault was so grievous, there may also exist the possibility of criminal prosecution. Surely in her defense, the petitioner should be entitled to question the credibility and capacity of the complaining witness. To urge, as does the Attorney-G-eneral, that other witnesses may testify to the alleged incident and, hence, the patient’s testimony would be unnecessary, does not answer the question for, indeed, it may come to pass that if the patient is not called by the State, the petitioner may wish to do so.
Respecting the waiver on the part of the patient, if there is a real question as to the patient’s mental competency, there *246 cannot be a viable* waiver. The patient is not a party to the proceeding; her status or role is that of a complainant or merely a witness.
In further considering the matter of privilege, as noted in Matter of Hyman v. Jewish Chronic Disease Hosp. (15 N Y 2d 317, 322-323) assuming the objection lies, the patient’s identity can be protected: “ It is argued that the data as to such experiments on patients is privileged (CPLB 4504[a]) and that the patients have not waived the privilege. Any such confidentiality could be amply protected by inserting in the court’s order a direction that the names of the particular patients be kept confidential. Actually, the supposed strict .secrecy does not really exist as to qualified persons since these records have been seen, read and copied by numerous staff members and employees of the hospital and of the co-operating institution. ”
The proceeding is not a public hearing or trial and the patient’s real identity can be protected and the disclosures limited to the salient facts sufficient to raise the question of the witness’ competency and credibility, should they be germane and necessary. r
There is a further dominating question. As held in Wilson v. State of New York (36 A D 2d 559) which involved a claim for personal injuries resulting from an attack by a fellow prison inmate: “ Evidence of the attacker’s prior behavior and a diagnosis of his mental condition would be material and necessary to the prosecution of this claim (see CPLR 3101, subd [a]; Allen v. Crowell-Collier Pub. Co., 21 N Y 2d 403, 406).”
In referring to a regulation promulgated by the Commissioner of Correction, pursuant to statute, Wilson (supra, p. 560) held: ‘ ‘ Section 15-a of the Correction Law authorizes the Commissioner of Correction to make i rules as to the privacy of records kept by the Department of. Correction or institutions under its control, but such rulla^ cannot prevent disclosure ‘ required by the court or a judge thereof ’. In light of the strong policy in favor of full disclosure unless the information sought is immunized, the burden of showing the appropriate immunity should be on the party asserting it ’ (Koump v. Smith, 25 N Y 2d 287, 294) and, here, the State has made no showing that disclosure as to the attacker’s criminal record and behavior in confinement prior to the assault would be contrary to the public interest. ”
The petitioner’s application is granted. Submit order on notice in accordance with the foregoing and providing, particularly, for safeguards to protect the identity of the patient.